IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY D. PERKINS,<br><br>    Defendant. | Case No. 3:20-CR-30071-NJR-1 |

## ORDER REDUCING SENTENCE

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Defendant Larry D. Perkins's Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 40). Perkins seeks a reduction in sentence from 57 months' imprisonment to 46 months' imprisonment pursuant to 18 U.S.C. § 3582(c) and Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). The Government does not oppose the motion. (Doc. 41).

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives 1 status point. A defendant who has 6 or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. The changes apply retroactively, though a court may not order the release of a defendant to occur before February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Here, with the addition of two status points, Perkins's total criminal history score at sentencing was 8 and his criminal history category was IV. (*See* Doc. 24). Based upon a total offense level of 21 and a criminal history category of IV, the guideline sentencing range was between 57 and 71 months. (*Id.*). The Court imposed a low-end sentence of 57 months. (Doc. 33). Under Amendment 821, however, Perkins would receive no status points, reducing his criminal history points to 6 and his criminal history category to III, resulting in a lower advisory guideline range of 46 to 57 months. Thus, the parties assert that a sentence reduction to 46 months is appropriate.

This Court agrees. Upon consideration of Perkins's motion (Doc. 40), the Government's response (Doc. 41), the policy statement set forth at U.S.S.G. § 1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court **GRANTS** Defendant Larry D. Perkins's motion and **ORDERS** that his sentence be reduced to a term of **46 months**. All other terms of the judgment in this case shall remain unchanged. This Order shall take effect on **February 1, 2024.**

**IT IS SO ORDERED.**

DATED:  January 11, 2024

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**